IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal Action No. 2:17-CR-026-D |
| VS. § | |
| § | |
| CHARLES FUNCHES, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Charles Funches ("Funches") pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). On September 5, 2017 the court sentenced him to 120 months' imprisonment to be followed by 5 years of supervised release. On August 10, 2021 Funches filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Assuming *arguendo* that Funches's *pro se* motion should be construed to request relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, this ground of the motion is denied.

> It is important to distinguish between the CARES Act, on the one hand, and [18 U.S.C.] § 3582 as amended by the First Step Act on the other. The CARES Act was the federal government's comprehensive response to the COVID-19 crisis and certain provisions addressed the release of eligible inmates in the prison population. The CARES Act expanded the [Bureau of Prisons' ("BOP's")] authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.

*United States v. Depron*, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020).

The CARES Act does not authorize the court to grant a request for compassionate release. Accordingly, the court denies Funches's motion to the extent (if he does) that he seeks relief under the CARES Act.

II

To the extent Funches's *pro se* motion requests compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the court denies the motion for the reasons that follow.

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court

---

[*]Funches asserts that he "has also applied the Administrative remedy policy (to no avail), which has been more than 30 days." D. Mot. 12. Although this assertion, standing alone, is insufficient to meet Funches's burden under 18 U.S.C. § 3582(c)(1)(A), the court will nevertheless assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

B

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.

In support of his motion, Funches contends, *inter alia*, that he is 65 years old; that his health only continues to deteriorate with age; that the BOP has a disturbing lack of access to care when a new medical problem is encountered; that mold overgrowth in all prison buildings continues to go unabated due to a lack of remediation; that COVID-19 infections are on the rise, with no end in sight; that COVID-19 and its subsequent variants has proved to be "unbearably 'abnormal,'" D. Mot. 4; that the pandemic "has continued to test FMC Carswell facility, as well as FPC Pensacola," *id.* at 5; and that "[e]xposure to chronic debilitating mold, coupled with inadequate medical services, amid the 'Delta' variant explosion and Defendant can clearly demonstrate, he has 'injury-in-fact' . . . [and] [w]orse could occur, when the Delta variant hits this compound," *id.* at 7.

The court notes that "generalized fear of COVID-19 does not automatically entitle a prisoner to release." *United States v. Cheek*, 834 Fed. Appx. 957, 958 (5th Cir. 2021) (per curiam) (citing *United States v. Thompson*, 984 F.3d 431, 431 (5th Cir. 2021)). But in light of the court's decision below that, considering the § 3553(a) factors and the requirements of 18 U.S.C. § 3142(g), Funches should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did

not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

C

The court now considers the § 3553(a) factors.

As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Funches is currently serving a 120-month sentence for committing a very serious drug offense. He is not eligible for release from prison until September 25, 2025. If the court grants Funches's motion, it will be ordering him released almost *4 years* before he would otherwise be eligible. Not only would Funches's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d

at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Funches neither argues nor provides any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Funches's relevant offense conduct and criminal history and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Funches is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, for the reasons explained, the court denies Funches's August 10, 2021 motion for compassionate release.

**SO ORDERED**.

September 30, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 6 -